### THE STATE v. LOUIS DECKER, Appellant.

**Division Two, December 13, 1904.**

**INFORMATION: No Verification.** Where an information is not verified as required by statute, nor based upon the affidavit of some person competent to testify, and a timely motion to quash is filed by defendant and overruled, and a motion for new trial is also overruled, and exceptions to the overruling of both such motions are duly saved, the judgment will be reversed.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan*, Judge.

REVERSED AND REMANDED.

*Morton Jourdan* and *L. G. Peery* for appellant.

The defendant, in due time, filed a motion to quash, alleging, among other grounds, that the information was not verified as required by law. The motion to quash was overruled, and the defendant duly excepted.

Again in the motion in arrest of judgment, the trial court's attention was directed to this condition, and the defendant was again overruled, with exceptions duly saved. Under the plain language of the statute, and the following decisions of this court, this was a fatal omission upon the part of the circuit attorney, and the defendant is entitled to a reversal of the judgment, and to his discharge. Laws 1901, pp. 138, 139; State v. Bonner, 178 Mo. 424; State v. Brown, 181 Mo. 192; State v. Schnettler, 181 Mo. 173; State v. Sheridan, 182 Mo. 13.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

FOX, J.—"The defendant in this case was convicted of the crime of perjury, and sentenced to four years' imprisonment in the penitentiary. The circuit attorney of the city of St. Louis filed an information charging the defendant with having committed perjury while testifying before the grand jury of the city of St. Louis in reference to the widely-circulated and well-known bribery matters occurring in that city within the last few years."

From this judgment of conviction defendant in due time and proper form prosecuted his appeal to this court, and the cause is now before us for consideration.

OPINION.

This prosecution is based upon an information filed by the circuit attorney of the city of St. Louis, charging the defendant with the offense of perjury.

The record discloses that the information was not verified by the oath of the circuit attorney, nor was it based upon the affidavit of some person competent to testify, filed therewith, nor was it verified by some person competent to testify. Counsel for appellant

filed a timely motion to quash the information, assigning as grounds for such motion the absence of any verification of the information, as is required by the statute (secs. 2477, 2478, R. S. 1899), as amended by the acts of 1901 (Laws 1901, pp. 138, 139).

This motion to quash was by the trial court overruled, to which action of the court defendant at the time duly excepted.

The failure of the circuit attorney to properly verify the information was again called to the attention of the court at the conclusion of the trial in the motion for new trial. This motion was likewise overruled, and the exceptions to the action of the court in overruling appellant's motion herein referred to; were duly preserved, as is shown by the record before us. Following former rulings by this court upon this proposition, this cause must be reversed.

The Attorney-General, with his usual commendable frankness, concedes the error of the trial court and thus gives expression to his reasons for such concession:

"This case must necessarily be reversed for the reason that the information was not properly verified by the circuit attorney, nor was it based upon the affidavit of some person competent to testify, filed therewith, nor was it verified by some person competent to testify. In fact, neither one of the three statutory requirements necessary in order to make the information valid was complied with. [State v. Bonner, 178 Mo. 424; State v. Collins, 181 Mo. 235; State v. Schnettler, 181 Mo. 173; State v. Brown, 181 Mo. 192.]"

For the errors herein indicated, the judgment of the trial court is reversed, and the cause remanded.

*Gantt, P. J.,* concurs; *Burgess, J.,* absent.